UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Ft Lauderdale Division
www.flsb.uscourts.gov

In re:

KISMA WILLIAMS REEFE                          Case No. 21-13961-PDR
                                                                                Chapter 7

       Debtor
_____/
NATIONWIDE JUDGMENT RECOVERY, INC.

       Plaintiff,

KISMA WILLIAMS REEFE                          Adv Pro. No. 21-01246-PDR-A

       Defendant.
_____/

**MOTION TO DISMISS**

Kisma Vonetta Reefe, Debtor/Defendant, moves pursuant to Fed. R. Civ. P. 12(b)(6), applicable herein through application of Fed. R. Bankr. P. 7012, to dismiss the complaint, with prejudice, for failure to state a cause of action, and says:

1. First of all, the Complaint is a classic "shotgun pleading", which should be dismissed by the Court under binding precedent. *Clifford v. Federman*, 855 Fed.Appx. 525, 528[1] (11th Cir 2021), *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018). Count 2 incorporates by reference the entirety of the preceding 32 paragraphs.

---

[1] See Fed. Rule of Appellate Procedure 32.1 generally governing citation of judicial decisions issued on or after Jan. 1, 2007. See also U.S. Ct. of App. 11th Cir. Rule 36-2.

2.     In the first 18 paragraphs of the Complaint, it is alleged that there was a Ponzi scheme, Ms. Reefe received more funds from the scheme than she "invested", and a judgment for recovery of the "net winnings" was entered against her. In other words, Ms. Reefe was the recipient of a fraudulent transfer.

3.     Specifically, in paragraph 8, it is admitted that, the "Receiver [was] authorized ... to initiate legal proceedings seeking the avoidance of fraudulent transfers, disgorgement of profits, and any other legal and equitable relief ... necessary to recover ... assets for the benefit of the Receivership estate."

4.     Nowhere is it alleged that the Receiver pursued Ms. Reef for:

    a.     the violation of any of the Federal securities laws (as that term is defined in section 3(a)(47) of the Securities Exchange Act of 1934), any of the State securities laws, or any regulation or order issued under such Federal or State securities laws; or

    b.     common law fraud, deceit, or manipulation in connection with the purchase or sale of any security.

5.     Nowhere does the Plaintiff allege, or attach any exhibit to demonstrate that the judgment against Ms. Reef results from:

    a.     the violation of any of the Federal securities laws (as that term is defined in section 3(a)(47) of the Securities Exchange Act of 1934), any of the State

        securities laws, or any regulation or order issued under such Federal or State securities laws; or

    b.    common law fraud, deceit, or manipulation in connection with the purchase or sale of any security.

6.    Ms. Reefe not having been found to have violated any Federal securities laws, or having engaged in common law fraud, deceit, or manipulation in connection with the purchase or sale of any security, it follows that the judgment against her is as the recipient of a fraudulent transfer, not for making a fraudulent transfer.

7.    Exhibit A quantifies that Ms. Reefe received "$55,149.26 in net winnings..."

8.    Exhibit B gratuitously demonstrates the evidence upon which the judgment against Ms. Reef was based.

9.    In the 27 pages of Exhibit C, Ms. Reefe is not mentioned.

10.    Exhibit D is duplicative of the information in Exhibits A and B, simply reiterating the amount of "net winnings" received by Ms. Reefe.

11.    Exhibit E shows the assignment of Exhibit D to the Plaintiff.

12.    Other than a passing reference to "her participation and recruitment efforts"[2] there is no support for the notion that Ms. Reefe was anything more than lucky in that she received more than she "invested" in a Ponzi scheme.

---

[2] Paragraph 10.

## COUNT 1

13. In Count 1, the Plaintiff attempts to jam a square peg into a round hole, and fails. The judgment against Ms. Reefe is simple money judgment avoiding her receipt of a fraudulent transfer.

14. The Plaintiff admits, in paragraph 26, that "The Final Judgment against the Defendant Debtor, entered in *Bell v. Disner* on August 14, 2017 and attached hereto as Exhibit "A," is a debt owed by the Defendant Debtor *for the fraudulent transfers she received* as a result of her participation in the ZeekRewards Ponzi scheme." Emphasis added.

15. Plaintiff's adverbial analysis that "it is clear that the judgment held by Nationwide Judgment Recovery, Inc. was a result of the Defendant's fraudulent conduct..." is exactly the opposite of what the judgment represents.

16. To only a delusional Plaintiff would it be "evident in this matter that both requirements of 11 U.S.C. § 523(a)(19) have been met."

17. There is neither a reasonable legal, nor factual basis for the relief sought in Count 1.

WHEREFORE, Ms. Reefe requests entry of an order dismissing Count 1, with prejudice.

## COUNT 2

18. In Count 2 is where the Plaintiff gets really creative.

19. Without citation to supportive authority, and without regard to undermining authority, the Plaintiff interprets the *Husky* decision to extend exceptions from discharge under 11 U.S.C. § 523(a)(2) to all recipients of fraudulent transfers.

20. The Eleventh Circuit has recently interpreted *Husky* more narrowly, and consistent with the courts in this District which have also interpreted the breadth of the *dictum* in *Husky*.

> "The statutory provisions [of the Bankruptcy Code] governing nondischargeability reflect a congressional decision to exclude from the general policy of discharge certain categories of debts," on the theory that some categories of debt "outweigh[ ] the debtors' interest in a complete fresh start." *Grogan*, 498 U.S. at 287, 111 S.Ct. 654. Fraud is one such category of debt, and "[c]ourts have generally interpreted § 523(a)(2)(A) to require the traditional elements of common law fraud." *In re Bilzerian*, 153 F.3d 1278, 1281 (11th Cir. 1998) (*Bilzerian II*). As the creditor, Mr. Jayo had to prove the following by a preponderance of the evidence to establish nondischargeability under § 523(a)(2)(A): (1) that Mr. Harris used false pretenses, or made a false representation, or committed actual fraud; (2) that he relied on Mr. Harris' conduct; (3) that his reliance was justified; and (4) that Mr. Harris' conduct caused his loss. *See id.; In re Bilzerian*, 100 F.3d 886, 892 (11th Cir. 1996) (*Bilzerian I*). *See also Field v. Mans*, 516 U.S. 59, 74-75, 116 S.Ct. 437, 133 L.Ed.2d 351 (1995) ("§ 523(a)(2)(A) requires justifiable, but not reasonable, reliance").
>
> Consistent with our decision in *Bilzerian II*, a leading bankruptcy treatise explains that the false pretense and false

> representation prongs of § 523(a)(2)(A) each require an "intentional wrong"—the false pretense or the false representation "must have been knowingly and fraudulently made." 4 **Collier on Bankruptcy**, ¶ 523.08[1][d] (16th ed. 2018) (collecting circuit and district court cases). "Such a construction ... is consonant with equity, and consistent with the object and intention of Congress in enacting a general law by which the honest citizen may be relieved from the burden of hopeless insolvency." *Neal v. Clark*, 95 U.S. 704, 709, 24 L.Ed. 586 (1877).
>
> The actual fraud prong "encompasses forms of fraud, like fraudulent conveyance schemes, that can be effected without a false representation. ... [A]nything that counts as 'fraud' and is done with wrongful intent is 'actual fraud.' " *Husky Int'l Electronics, Inc. v. Ritz*, 578 U.S. 356, 136 S. Ct. 1581, 1586, 194 L.Ed.2d 655 (2016). *See also id*. at 1587 (declining to set out a definition of fraud "for all times and circumstances")....
>
> Neither [Plaintiff] nor [Defendant] take issue with any of these general principles. We decide this case, therefore, on the understanding that [Plaintiff] had to show intentional misconduct on the part of [Defendant].

*In re Harris*, 3 F.4th 1339, 1344–45 (11th Cir. 2021).

> SEPH nonetheless asserts that Gaddy's post-guaranty transfers of assets render the judgment debt exempt from discharge because Gaddy made those transfers to hinder its collection. In doing so, SEPH relies largely on *a strained interpretation of, and dicta in*, the Supreme Court's 2016 decision in *Husky International Electronics, Inc. v. Ritz*, ––– U.S. ––––, 136 S. Ct. 1581, 194 L.Ed.2d 655 (2016). But *Husky* does not advance SEPH's position.
>
> In *Husky*, the Supreme Court reviewed the ruling of the Court of Appeals for the Fifth Circuit that the "obtained by ... actual fraud" language in § 523(a)(2)(A) requires a fraud that

6

> "involves a false representation to a creditor," 136 S. Ct. at 1585, something not typically present in the fraudulent transfer context. Reversing the Fifth Circuit, the Supreme Court held that "[t]he term 'actual fraud' in § 523(a)(2)(A) encompasses forms of fraud, like fraudulent conveyance schemes, that can be effected without a false representation." *Id*. at 1586. In doing so, the Court reached the same conclusion the Seventh Circuit had reached sixteen years earlier in *McClellan v. Cantrell*, 217 F.3d 890 (7th Cir. 2000), the other case upon which SEPH heavily relies.
>
> But the facts of *Husky* and *McClellan* are distinguishable, and their holdings are narrow.

*In Re Gaddy*, 977 F.3d 1051, 1056–57 (11th Cir. 2020), *cert. denied sub nom. SE Prop. Holdings, LLC v. Gaddy*, 209 L. Ed. 2d 548 (Apr. 19, 2021).

Two additional cases undermine the rogue interpretation of *Husky* urged by the Plaintiff; *In re Rivera*, No. 19-26136-SMG, 2020 WL 4018986, at *2 (Bankr. S.D. Fla. July 16, 2020); *In re Ortega T.*, 573 B.R. 284, 294–95 (Bankr. S.D. Fla. 2017); and *In re Disbrow*, No. 17-22480-EPK, 2019 WL 4439897, at *12–13 (Bankr. S.D. Fla. Apr. 22, 2019).

Wherefore, for the Plaintiff's total failure to plead an exception from discharge, Kisma Vonetta Reefe requests entry of an order dismissing this proceeding, with prejudice.[3]

---

[3] "[T]he bankruptcy court correctly determined that SEPH was not entitled to leave to amend its adversary complaint because such amendment would have been futile." *Gaddy*, at 1060.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via notice of electronic filing on September 29, 2021, to all parties receiving electronic notice including: Martin L Sandler, Esq on behalf of Plaintiff Nationwide Judgment Recovery, Inc., martin@sandler-sandler.com.

Respectfully submitted,

**FLORIDA BANKRUPTCY GROUP, LLC.**
4121 N 31st Avenue
Hollywood, Fl 33021-2011
954-893-7670/954-252-2540 Fax
By: s/ Kevin C Gleason
Bankruptcylawyer@aol.com
Fla Bar No. 369500