UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Ft Lauderdale Division
www.flsb.uscourts.gov

In re:

KISMA WILLIAMS REEFE                             Case No. 21-13961-PDR
                                                 Chapter 7

    Debtor
_____/
NATIONWIDE JUDGMENT RECOVERY, INC.

    Plaintiff,

KISMA WILLIAMS REEFE                             Adv Pro. No. 21-01246-PDR-A

    Defendant.
_____/

## REPLY TO
## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT

Kisma Vonetta Reefe, Debtor/Defendant, replies to the Plaintiff's Response to Defendant's Motion to Dismiss Complaint to Determine Dischargeability of Debt [ECF 15], and says:

1. This very Plaintiff has failed to bring to this Court's attention a proceeding in another District in which its theory of this case was summarily shot down. Attached hereto is the order denying this Plaintiff's motion for summary judgment. The reasoning of the Court for the Eastern District of Michigan is adopted by Ms. Reef.

2. Plaintiff apparently believes that if it calls a cat a dog enough times, this Court

will start call a feline a canine. To call the judgment held by Plaintiff against Kisma Vonetta Reefe one based in her fraud, or her violation of securities laws is to call a cat a dog. The only dog here, is the Plaintiff's theory, unsupported by a single citation of authority, or, more importantly, a citation to any portion of the Complaint which includes allegations fit to survive a motion to dismiss.

3. When finally addressing the "merits", following 3 pages of "boilerplate", Plaintiff asserts "Nationwide has satisfied the special pleading requirements of Fed.R.Civ.P. 9(b), made applicable in adversary proceedings by Fed.R.Bankr.P. 7009, which states that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Yet, Plaintiff cannot point to a single allegation in the Complaint which details any fraudulent conduct of Kisma Vonetta Reefe.

4. After generically referring to the sufficiency of the Complaint in pleading fraud, Plaintiff immediately turns to 11 U.S.C. § 523(a)(19) without tying in any of the allegations in the Complaint to any violation of securities laws by Kisma Vonetta Reefe, or any common law fraud perpetrated by Kisma Vonetta Reefe.

5. A word search of the 47 pages of the Complaint and attachments does not locate a single reference to any fraudulent act or securities violations of Kisma Vonetta Reefe.

6. Plaintiff includes references to 11 U.S.C. § 523(a)(19)(B) without acknowledging that one must first come within one of the two sections of 11 U.S.C. § 523(a)(19)(A). There are no facts alleged in the Complaint which can be interpreted to find that Kisma Vonetta Reefe violated securities laws, or committed a fraud by being the recipient of net winnings. Without hitting one of th predicates in 11 U.S.C. § 523(a)(19)(A), one never gets to section (B).

7. Plaintiff asserts, "The Judgment against the Defendant is a debt owed by the Defendant for violation of securities law and/or common law fraud in connection with the purchase or sale of any security, and the debt is memorialized in a judgment, attached to Plaintiff's Complaint as Exhibit A." Exhibit A to the Complaint does not contain the word "fraud". In fact, Exhibit A says nothing which Plaintiff asserts.

8. Among the many irrelevant cases cited by Plaintiff, is *In re Chan*, 355 B.R. 494 (Bankr. E.D. Pa. 2006), case in which the court denied a motion for relief from stay by an unsecured creditor who was pursuing securities fraud litigation against debtor prior to commencement of debtor's Chapter 7 case. It is so obviously inapposite to the case at bar, and the selected quote therefrom is so disingenuously taken out of context that one has to wonder if this reply complies with the requirements of B.R. 9011.

9. The next irrelevant case, disingenuously inserted into Plaintiff's reply, is *In re Gilley*, No. 12-11443, 2013 WL 4460499, at *1 (Bankr. M.D.N.C. Aug. 19, 2013), *aff'd sub nom. Gilley v. Sec. & Exch. Comm'n*, No. 1:13CV916, 2014 WL 11497958 (M.D.N.C. June 3, 2014), *aff'd sub nom. Gilley v. S.E.C.*, 590 F. App'x 227 (4th Cir. 2015), in which the SEC obtained a final judgment in which the Debtor therein admitted, by default, to having committed securities fraud and violations of other federal securities laws, including: unlawful sale of unregistered securities; acting as a broker-dealer without the required license; and failure to disclose material information to investors. How Mr. Gilley's offenses relate to this proceeding, in which Kisma Vonetta Reefe simply received more money than she invested escapes this attorney.

10. What is "' the true nature of the debt'" for which Plaintiff trots out *Brown v. Felsen*, 442 U.S. 127, 138 (1979)? Nowhere in the Complaint, does the Plaintiff reveal any "true nature of the debt" other than Kisma Vonetta Reefe having received more money than she invested.

11. What are the "'economic realities underlying [the] transaction...'" which the Plaintiff urges the Court to examine through the lens of *Bell v. Disner*, 2014 WL 6978690 at *2 (W.D.N.C. Dec. 9, 2014). The economic reality is that Kisma Vonetta Reefe invested in a Ponzi scheme and came out ahead. She did not

violate any securities laws, she did not commit a common-law fraud.

12. *Archer v. Warner*, 538 U.S. 314, 123 S. Ct. 1462, 155 L. Ed. 2d 454 (2003) involved a fraudulent debt and a subsequent settlement agreement, but the original debt was due entirely to the fraudulent conduct of that Debtor. Kisma Vonetta Reefe's debt to the Plaintiff is not rooted in any fraudulent conduct of hers.

13. What is "the history of the debt's origin" to be examined through the teachings of *In re Schwartz*, No. 07-30508, 2007 WL 3051865, at *1 (Bankr. S.D. Tex. Oct. 17, 2007)? Mr. Schwartz settled a lawsuit alleging breach of fiduciary duty, common law fraud, fraud in real estate transaction, violation of the Texas Securities Act, and breach of contract. Kisma Vonetta Reefe invested money and received back more than she put in. Nothing sinister, no fraud on her part, no violation of securities laws on her part.

14. The procedural posture of *Bell v. Disner*, No. 3:14CV91, 2014 WL 6978690, at *1 (W.D.N.C. Dec. 9, 2014) was the consideration, and denial, of a motion to dismiss, wherein the receiver actually made sufficient allegations in that complaint, unlike the case at bar wherein the Plaintiff seeks to tag the innocent with the sins of the crooks.

15. It is not Ms. Reefe who fails to consider precedent of the Eleventh Circuit in *In re Lunsford*, 848 F.3d 963, 968 (11th Cir. 2017). No, it is, once again, the Plaintiff

selectively taking quotations out of context. The Circuit agreed with Ms. Reefe wherein it was stated, "For a debt to be excepted from discharge, it must be "for" a violation of securities laws, § 523(a)(19)(A), but it must also "result[ ] ... from" a court order or "any settlement agreement entered into by the debtor," § 523(a)(19)(B)(i)–(ii) (emphasis added)." Plaintiff's judgment against Ms. Reefe is not "for" a violation of securities laws.

16. Plaintiff then doubles-down on the misinterpretation of *Husky*.

17. By failing to deny it, the Plaintiff admits that its Complaint is a classic "shotgun pleading", which should be dismissed by the Court under binding precedent. *Clifford v. Federman*, 855 Fed.Appx. 525, 528[1] (11th Cir 2021), *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018). Count 2 incorporates by reference the entirety of the preceding 32 paragraphs.

---

[1] See Fed. Rule of Appellate Procedure 32.1 generally governing citation of judicial decisions issued on or after Jan. 1, 2007. See also U.S. Ct. of App. 11th Cir. Rule 36-2.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via notice of electronic filing on October 27, 2021, to all parties receiving electronic notice including: Martin L Sandler, Esq on behalf of Plaintiff Nationwide Judgment Recovery, Inc., martin@sandler-sandler.com.

Respectfully submitted,

**FLORIDA BANKRUPTCY GROUP, LLC.**
4121 N 31st Avenue
Hollywood, Fl 33021-2011
954-893-7670/954-252-2540 Fax
By: s/ Kevin C Gleason
Bankruptcylawyer@aol.com
Fla Bar No. 369500

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

ROSALIND ANN GEREDINE,

            Debtor.

_____/

Case No. 20-49691

Chapter 7

Judge Thomas J. Tucker

NATIONWIDE JUDGMENT RECOVERY INC.,

            Plaintiff,

vs.

ROSALIND ANN GEREDINE,

            Defendant.

_____/

Adv. No. 20-4476

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT, AND CANCELLING SEPTEMBER 29, 2021 BENCH
OPINION HEARING**

This adversary proceeding is before the Court on the Plaintiff's motion for summary judgment (Docket # 21, the "Motion"). The Defendant filed a response opposing the Motion (Docket # 23), and Plaintiff filed a reply brief in support of the Motion (Docket # 31). The Court held a telephonic hearing on the Motion on September 22, 2019, and then took the Motion under advisement. The Court scheduled a bench opinion hearing for September 29, 2021 at 11:00 a.m.

The Court now has decided to issue a written decision on the Motion, rather than giving an oral bench opinion. For the following reasons, the Motion will be denied.

The Court has considered all of the oral and written arguments of the parties, all of the briefs and exhibits filed by the parties, and all of the authorities cited by the parties. The Court finds and concludes as follows.

1. This Court has subject matter jurisdiction over this adversary proceeding under 28 U.S.C. §§ 1334(b), 157(a), and 157(b)(1), and Local Rule 83.50(a) (E.D. Mich.). This is a core proceeding under 28 U.S.C. § 157(b)(2)(I).

2. In considering whether summary judgment should be granted for Plaintiff, the Court has applied the standards governing motions for summary judgment under Fed. R. Civ. P. 56, which the Court now adopts and incorporates by reference from its prior opinion in the case of *Schubiner v. Zolman* (*In re Schubiner*), 590 B.R. 362, 376-77 (Bankr. E.D. Mich. 2018).

3. Defendant's debt to Plaintiff (the "Judgment Debt") was established by a final judgment of the United States District Court in the case of *Kenneth D. Bell, etc., v. Todd Disner etc., et al.*, Case No. 3:14-cv-91 (W.D.N.C.), entered on August 14, 2017. A copy of this final judgment (the "Judgment") appears as Exhibit 6-4 to Plaintiff's Motion in this adversary proceeding (Docket # 21).

4. The Judgment Debt is based on Defendant's liability as the transferee of certain transfers made to Defendant by the perpetrator(s) of a fraudulent Ponzi scheme, which transfers the court in the *Disner* case avoided, as fraudulent transfers under the North Carolina fraudulent transfer statute. The court found that the transferor(s) of the transfers made the transfers "with the intent to hinder, delay, or defraud" creditors of the transferor(s), within the meaning of the North Carolina statute. (*See* Ex. 6-3 to the Motion (Docket # 21)).

5. In entering judgment against Defendant, the *Disner* court did not find that *Defendant* had committed any securities law violation, or any fraud, or that *Defendant* had done anything with any wrongful or fraudulent intent. Because Defendant was liable as a *transferee* of fraudulent transfers, it was not necessary for the *Disner* court to make any such findings about

Defendant.

6.  Plaintiff contends that the Judgment Debt is nondischargeable under 11 U.S.C. §§ 523(a)(2)(A) and 523(a)(19).  But the Court cannot grant summary judgment for Plaintiff based on either of these sections.

7.  Section 523(a)(19) makes nondischargeable "any debt . . . that[:]"

>   (A) is for—
>
>   >   (i) the violation of any of the Federal securities laws (as that term is defined in section 3(a)(47) of the Securities Exchange Act of 1934), any of the State securities laws, or any regulation or order issued under such Federal or State securities laws; or
>   >
>   >   (ii) common law fraud, deceit, or manipulation in connection with the purchase or sale of any security; and
>
>   (B) results, before, on, or after the date on which the petition was filed, from—
>
>   >   (i) any judgment, order, consent order, or decree entered in any Federal or State judicial or administrative proceeding;
>   >
>   >   (ii) any settlement agreement entered into by the debtor; or
>   >
>   >   (iii) any court or administrative order for any damages, fine, penalty, citation, restitutionary payment, disgorgement payment, attorney fee, cost, or other payment owed by the debtor.

8.  Section 523(a)(2)(A) makes nondischargeable "any debt . . ."

>   (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—
>
>   >   (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;

9.  As the parties have pointed out, there is a conflict in the cases as to whether

3

nondischargeability under § 523(a)(19) requires the debtor herself to have committed a violation of a federal or state securities law, or herself to have committed "common law fraud, deceit, or manipulation in connection with the purchase or sale of any security." (Such common law fraud, etc. is referred to below, for shorthand, as "securities fraud"). The following case held that this is not necessary, and that it is sufficient for nondischargeability if the debtor's debt arose from the securities law violation(s) of *someone else*, or the securities fraud of *someone else*. *Lunsford v. Process Techs. Servs., LLC* (*In re Lunsford*), 848 F.3d 963, 967-69 (11th Cir. 2017).

10.  Other cases disagree, and hold that nondischargeability under § 523(a)(19) requires the debtor herself to have committed a securities law violation or securities fraud. *See Sherman v. SEC* (*In re Sherman*), 658 F.3d 1009, 1012-17 (9th Cir. 2011); *Oklahoma Dep't of Sec., ex. rel. Faught v. Wilcox*, 691 F.3d 1171, 1174-77 (10th Cir. 2012); *Uren v. Schuholz* (*In re Schuholz*), Case No. 18-13108, Adv. No. 18-1071, 2019 WL 11639553, at *5-7 (Bankr. S.D. Ohio Oct.18, 2019).

11.  Neither the United States Supreme Court nor the United States Court of Appeals for the Sixth Circuit has ruled on this issue.

12.  From reading the cases and considering the arguments of the parties in this case, the Court is persuaded that the better view is that taken by the *Sherman*, *Wilcox*, and *Schuholz* line of cases. The Court adopts that view now. The Court is persuaded by all of the reasons stated by the courts in the *Sherman*, *Wilcox*, and *Schuholz* cases. The Court is particularly mindful that the courts of this federal circuit are bound by the rule that "exceptions to discharge are to be strictly construed against the creditor." *Rembert v. AT & T Universal Card Servs., Inc.* (*In re Rembert*), 141 F.3d 277, 281 (6th Cir. 1998) (citation omitted).

13. To date, no court has found or concluded that Defendant herself committed any securities law violation or any securities fraud. The court in the *Disner* case did not make any such findings or conclusions.

14. Given this Court's interpretation of § 523(a)(19), and on the current record in this case, the Court concludes that genuine issues of material fact preclude granting summary judgment for Plaintiff on its § 523(a)(19) nondischargeability claim.

15. Plaintiff also contends that the Judgment Debt is nondischargeable under § 523(a)(2)(A), for "actual fraud" by Defendant. The Court adopts, and incorporates by reference, its discussion of this concept of "actual fraud" in the Court's prior opinion in *Lenchner v. Korn* (*In re Korn*), 567 B.R. 280, 301-02 (Bankr. E.D. Mich. 2017), including the conclusion that proving "actual fraud" requires proving that the Defendant committed "'any fraud that involv[es] moral turpitude or intentional wrong,'" or "'fraud . . . done with wrongful intent.'" *See id.* at 301(quoting *Husky Int'l Elects., Inc. v. Ritz*, 578 U.S. 356, 136 S. Ct. 1581, 1586 (2016)).

16. To date, no court has found or concluded that Defendant committed any fraud, or that Defendant acted with moral turpitude, wrongful intent, or fraudulent intent, or that Defendant committed any fraud. The court in the *Disner* case did not make any such findings or conclusions.

17. On the current record in this case, the Court concludes that genuine issues of material fact preclude granting summary judgment against Defendant based on any claim of "actual fraud" under § 523(a)(2)(A). Such genuine issues include whether *Defendant* committed any fraud at all; and whether *Defendant* acted with the requisite wrongful intent.

For the reasons stated above, the Court must deny Plaintiff's Motion. Accordingly,

IT IS ORDERED that the Motion (Docket # 21) is denied, in its entirety.

IT IS FURTHER ORDERED that the oral bench opinion hearing, scheduled for September 29, 2021 at 11:00 a.m., is cancelled.

**Signed on September 28, 2021**



/s/ Thomas J. Tucker
Thomas J. Tucker
United States Bankruptcy Judge

6