UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Ft Lauderdale Division
www.flsb.uscourts.gov

In re:

KISMA WILLIAMS REEFE                    Case No. 21-13961-PDR
                                        Chapter 7
        Debtor
_____/
NATIONWIDE JUDGMENT RECOVERY, INC.

        Plaintiff,

KISMA WILLIAMS REEFE                    Adv Pro. No. 21-01246-PDR-A

        Defendant.
_____/

## MOTION TO DISMISS AMENDED COMPLAINT

Kisma Vonetta Reefe, Debtor/Defendant, moves pursuant to Fed. R. Civ. P. 12(b)(6), applicable herein through application of Fed. R. Bankr. P. 7012, to dismiss the amended complaint, with prejudice, for failure to state a cause of action, and says:

1. First of all, the Amended Complaint is another classic "shotgun pleading", which should be dismissed by the Court under binding precedent. *Clifford v. Federman*, 855 Fed.Appx. 525, 528[1] (11th Cir 2021), *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018). Count 2 incorporates by reference the entirety of the preceding 82 paragraphs (up from only 32 paragraphs in the original Complaint).

---

[1] See Fed. Rule of Appellate Procedure 32.1 generally governing citation of judicial decisions issued on or after Jan. 1, 2007. See also U.S. Ct. of App. 11th Cir. Rule 36-2.

2. The rest of the Amended Complaint is lipstick on the same old pig, which does not change the nature of the Plaintiff's claim against Ms. Reefe.

3. The "Receiver [was] authorized ... to initiate legal proceedings seeking the avoidance of fraudulent transfers, disgorgement of profits, and any other legal and equitable relief ... necessary to recover ... assets for the benefit of the Receivership estate."

4. Nowhere is it alleged that the Receiver pursued Ms. Reef for:

    a. the violation of any of the Federal securities laws (as that term is defined in section 3(a)(47) of the Securities Exchange Act of 1934), any of the State securities laws, or any regulation or order issued under such Federal or State securities laws; or

    b. common law fraud, deceit, or manipulation in connection with the purchase or sale of any security.

5. The Plaintiff does not allege has it has standing to now allege that its assigned avoidance claim is tainted by fraud or violations of securities laws, or both.

6. Ms. Reefe not having been alleged by the Receive, or found by the District court, to have violated any Federal securities laws, or to have engaged in common law fraud, deceit, or manipulation in connection with the purchase or sale of any security, the judgment against her is simply for being a "Net Winner",

undifferentiated from the others in the same judgment.

7. Ms. Reefe incorporates by reference all of her arguments in support of dismissal of the Complaint. [ECF 11, 16].

WHEREFORE, Ms. Reefe requests entry of an order dismissing the Amended Complaint, with prejudice.[2]

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via notice of electronic filing on December 5, 2021, to all parties receiving electronic notice including: Martin L Sandler, Esq on behalf of Plaintiff Nationwide Judgment Recovery, Inc., martin@sandler-sandler.com.

Respectfully submitted,

**FLORIDA BANKRUPTCY GROUP, LLC.**
4121 N 31st Avenue
Hollywood, Fl 33021-2011
954-893-7670/954-252-2540 Fax
By: s/ Kevin C Gleason
Bankruptcylawyer@aol.com
Fla Bar No. 369500

---

[2] "[T]he bankruptcy court correctly determined that SEPH was not entitled to leave to amend its adversary complaint because such amendment would have been futile." *Gaddy*, at 1060.